UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

| | |
|---|---|
| In re: | )  Case No.: 12-50201 |
| JOEL HAMPTON PATTERSON, III | )  Chapter 7 |
| KAREN YVETTE PATTERSON AKA | ) |
| KAREN CLENDENIN PATTERSON | ) |
| SSN: xxx-xx-5038 | ) |
| SSN: xxx-xx-1910 | ) |
| | ) |
| Debtors. | |

## RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY

COME NOW the Debtors, Joel Hampton Patterson, III and Karen Yvette Patterson, by and through undersigned counsel and responding to the Motion of Wells Fargo Bank, NA Servicer for Bank of America, National Association, successor by merger to LaSalle Bank National Association, as Trustee of Morgan Stanley Mortgage Loan Trust 2006-5AR ("Wells Fargo"), filed on August 7, 2012, shows the Court:

1.      On February 24, 2012, the Debtors filed for relief under Chapter 7 of the Bankruptcy Code. Barrett Crawford is the duly appointed standing trustee.

2.      The Debtors are the owners of real property located at 643 Isle of Pines Road, Mooresville, NC 28117 (the "property") and the same is their primary residence.

3.      In Wells Fargo's Motion for Relief from the Automatic Stay, Wells Fargo alleged default in mortgage payments on a Note secured by a first Deed of Trust on the property.

4.      Wells Fargo does not definitively state in its motion that Wells Fargo is the note holder as that term is legally defined, but instead states its position as "Wells Fargo Bank, NA Servicer for Bank of America, National Association, successor by merger to LaSalle Bank National Association, as Trustee of Morgan Stanley Mortgage Loan Trust 2006-5AR."

5.      Wells Fargo's Motion contained a copy of the Note and a copy of the Deed of Trust which show that the Promissory Note and Deed of Trust are both dated June 20, 2005, and the beneficiary under the Deed of Trust and the payee under the Note is Wachovia Mortgage Corporation.

6.      The Note contained as Exhibit 2 to Wells Fargo's Motion contained no assignments, allonges to the Note, or any other documents to evidence that Wells Fargo Bank, NA Servicer for Bank of America, National Association, successor by merger to LaSalle Bank National Association, as Trustee of Morgan Stanley Mortgage Loan Trust 2006-5AR holds any ownership of the Note and/or Deed of Trust.

7.      The Note contained as Exhibit 2 to Wells Fargo's Motion contains a stamp affirming that "THIS IS TO CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT WELLS FARGO BANK, N.A."

8.     Based on Wells Fargo's affirmative representation as contained on the Note attached as Exhibit 2 and described in ¶7 above, there has never been any endorsement of the Note from Wachovia Mortgage Corporation to any other person/entity as would be required to convey holder status.

9.     The Debtors therefore allege that Wells Fargo is not the actual holder or current assignee of the Deed of Trust or Note, is not the real party in interest in this matter, and has no legal standing to bring this motion.

10.     The exhibits and the allegations contained in the Motion for Relief are inconsistent in identifying who the real party in interest is, and the result is that the exhibits and the allegations cancel each other out.

11.     Furthermore, the Debtors allege that a mortgage foreclosure can only be prosecuted by the entity holding the promissory note.  A mortgage foreclosure as a suit cannot be prosecuted by an alleged subsequent holder unless that party actually possesses the original note.

12.     Rule 7017 of the Rules of Bankruptcy Procedure provide in part that every action "shall be prosecuted in the name of the real party in interest," and that the party filing the action must have the "capacity to sue or be sued."

13.     The forgoing allegations and facts confirm that Wells Fargo is at best only a nominal party to this proceeding, and as such, has no legal standing to move this Court for any relief.

**WHEREFORE** the Debtors respectfully pray of the Court as follows:

1.     That the Motion for Relief from the Automatic Stay of Wells Fargo be denied;

2.     That Wells Fargo be precluded from filing any future motions for relief from stay;

3.     That the Court conduct a hearing on September 7, 2012, and the same be considered as a preliminary hearing.

4.     That the Debtors have such other and further relief as the Court may deem just and proper.

This 16th day of August, 2012.

ELLIOTT LAW FIRM, PC

By: *s/Michael K. Elliott*
     MICHAEL K. ELLIOTT
     Attorney for Debtors
     PO Box 1821
     Huntersville, NC 28078
     (704) 947-3838
     NC State Bar No. 31505

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that a copy of **RESPONSE TO MOTION FOR RELEIF FROM AUTOMATIC STAY** was served upon each party listed below and per attached matrix in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service for mailing, or delivered via the U.S. Bankruptcy Court's case filing notification, as outlined in the attached Service List:

Linda Simpson, Esq. (ECF)
Bankruptcy Administrator
402 W. Trade Street, Room 200
Charlotte, NC 28202-1627

Barrett Crawford (ECF)
Chapter 7 Trustee
P.O. Box 400
Valdese, NC 28690−0400

Kimberly A. Sheek (ECF and US Mail)
10130 Perimeter Parkway
Suite 400
Charlotte, NC 28216

This the 16th day of August, 2012.

ELLIOTT LAW FIRM, PC

By: *s/Michael K. Elliott*
     MICHAEL K. ELLIOTT
     Attorney for Debtors
     PO Box 1821
     Huntersville, NC 28078
     (704) 947-3838
     NC State Bar No. 31505