UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

| | |
|---|---|
| In re:<br>JOEL HAMPTON PATTERSON, III<br>KAREN YVETTE PATTERSON AKA<br>KAREN CLENDENIN PATTERSON<br>SSN: xxx-xx-5038<br>SSN: xxx-xx-1910<br><br>_____Debtors. | ) Case No.: 12-50201<br>) Chapter 7<br>)<br>) **MEMORANDUM OF LAW**<br>) **IN OPPOSITION TO MOTION FOR**<br>) **RELEIF FROM STAY**<br>)<br>) |

Pursuant to this Court's direction, Joel Hampton Patterson and Karen Yvette Patterson, (the "Debtors") submit this brief memorandum summarizing their legal positions and relevant case law.  Wells Fargo Bank, NA ("Wells Fargo") Servicer for Bank of America, National Association, successor by merger to LaSalle Bank National Association, as Trustee of Morgan Stanley Mortgage Loan Trust 2006-5AR ("Morgan Stanley"), initiated this proceeding by filing a Motion for Relief from Automatic Stay (the "Motion" - ECF Doc. No. 16). The Debtors allege Wells Fargo and/or Morgan Stanley are not the actual holder or current assignee of the Deed of Trust or Note, are not the real parties in interest in this matter, and have no legal standing to bring the Motion.  The Court heard arguments on October 9, 2012, and took the matter under advisement and later directed the parties to submit applicable arguments and case law.

The Debtors now present the following to this Court in opposition of Wells Fargo's Motion for Relief from Automatic Stay:

**ARGUMENT**

Neither Wells Fargo nor Morgan Stanley can establish the first essential element necessary to be granted relief from Automatic Stay – standing as a party in interest. Under Rule 7017 of the Rules of Bankruptcy Procedure every action "shall be prosecuted in the name of the real party in interest," and that the party filing the action must have the "capacity to sue or be

1

sued." The term "party in interest" is not defined within the Bankruptcy Code. Therefore, "When interpreting the meaning of Code terms such as 'party in interest' the court is governed by the Code's purposes." *In re Comcoach Corp.,* 698 F.2d 571, 573 (2d. Cir. 1983). Bankruptcy courts provide a forum for creditors and debtors to settle their disputes. *Id.* A party or entity merely concerned with the outcome or result of a bankruptcy proceeding is not classified as a "party in interest." *In re Mann*, No. 09-80494C, 2011 Bankr. LEXIS 625, at *5-7 (Bankr. M.D.N.C. 2011). Additionally, "a party will not satisfy the standing requirement by asserting the legal rights or interests of third parties." *In re Village Rathskeller, Inc.*, 147 B.R. 665, 668 (Bankr. S.D.N.Y. 1992).

The real party in interest with respect to being able to enforce the rights of a mortgagee in a bankruptcy case is the party entitled to enforce the note and its accompanying mortgage. *In re Smoak*, 461 B.R. 510, 2011 Bankr. LEXIS 3621, 2011 WL 4502596 (Bankr. S.D. Ohio 2011); *In re Robinson*, No. 07-02146-08-JRL, 2011 Bankr. LEXIS 4504 (Bankr. E.D.N.C. 2011). Thus, the relevant inquiry as to Wells Fargo and Morgan Stanley's ability to receive relief from stay is to determine whether Morgan Stanley or Wells Fargo have the right to enforce the Promissory Note (the "Note").

Pursuant to North Carolina law, the holder of a negotiable instrument, including a promissory note, has the rights to enforce it. *Robinson,* 2011 LEXIS 4504 (2011). The definition of a "holder" under North Carolina's adoption of the Uniform Commercial Code ("UCC") is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."  N.C. Gen. Stat. § 25-1-201(21) (2009). However, "[m]ere possession" of a note by a party to whom the note has neither been indorsed nor made payable "does not suffice to prove ownership or holder status." *Robinson,* 2011 LEXIS

2

4504 (2011). *See also In Re Adams*, 693 S.E.2d 705, 710 (N.C. App. 2010) (*quoting Econo-Travel Motor Hotel Corp. v. Taylor*, 301 N.C. 200, 203 (1980)).

Similarly to this case, in *Adams,* the original lender was Novastar Mortgage and the foreclosing party was Deutsche Bank ("Deutsche"). Deutsche submitted a copy of the Note, which contained no indorsement, along with an Affidavit from Deutsche stating that the foreclosing party was the holder of the Note. The Court held that since the copy of the Note contained neither indorsments nor any other evidence of transfer, Deustche was not the holder of the Note. Further, absent an actual indorsement on the Note, Deutsche's affidavit was not sufficient evidence to show holder status. *Adams*, 693 S.E.2d at 711 (2010).

The case of *In Re David A. Simpson, P.C.* was another case where Deutsche was seeking to foreclose. The court stated in that case, that even presentation of the original Note at trial was not proof that the foreclosing party was the holder when the Note was not drawn, issued or indorsed to them. *In Re David A. Simpson, P.C.,* 711 S.E. 2d 165, 171 (N.C.App. 2011). The court further stated that indorsement of the Note is a "prerequisite to confer upon [Deutsche] the status of holder under the UCC." *Id* at 172.

In this case, Wells Fargo and Morgan Stanley have produced a photocopy of the purported original Note, which shows Wachovia Mortgage Corporation ("Wachovia") as the original lender. However, the photocopied Note does not show any indorsement of the Note from Wachovia to Morgan Stanley or any other party. Opposing counsel argued at the hearing on October 9th that the Court should take judicial notice that Wachovia had been taken over by Wells Fargo. While this assertion is factually correct, it bears no effect upon the current case. While it may be relevant and decisive if Wells Fargo was foreclosing for itself as the holder; that

3

is not the case here. Wells Fargo is attempting to enforce the rights of Morgan Stanley. Thus, the one aching question that remains is does Morgan Stanley have the right to enforce the Note.

In its Motion, Wells Fargo also included an Affidavit of Lost Note. Moreover, the Note contained in the Motion contains a stamp affirming that "THIS IS TO CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT WELLS FARGO BANK, N.A." Therefore, one must assume if one were able to examine the actual physical Note, there would be no indorsement on it. North Carolina General Statute Section 25-3-309 details the elements required to enforce a lost note. Under this provision, "a person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument *and entitled to enforce it when loss of possession occurred...*" (emphasis added) N.C. Gen. Stat. § 25-3-309(a) (2012). In this case, even if Morgan Stanley had possession of the Note now, or when loss of possession occurred, it could never enforce it. This is due to the fact that Morgan Stanley was never entitled to enforce the Note when loss of possession occurred because the Note was not indorsed specifically to Morgan Stanley or in blank. Official Comment to N.C. Gen. Stat. § 25-3-309 states in part "…if the instrument was payable to the person who lost the instrument and that person did not indorse the instrument, no other person could be a holder of the instrument." This is exactly the case here. There is no indorsement to Morgan Stanley, and therefore, Morgan Stanley cannot and is not the holder of the Note. As such, Morgan Stanley vis-à-vis Wells Fargo is not a party in interest in this bankruptcy proceeding.

4

Furthermore, pursuant to the Pooling and Servicing Agreement dated March 1, 2006 relating to Morgan Stanley Mortgage Loan Trust 2006-5AR, Article II, Section 2.01(a) states as follows:

> "In connection with [the] transfer and assignment of the Mortgage Loans, the Depositor shall cause to be delivered and the Custodian acting on the Trustee's behalf will continue to hold the documents or instruments listed below with to each Mortgage Loan (each, a "Trustee Mortgage File") so transferred and assigned: (i) with respect to each Mortgage Loan, the original Mortgage Note endorsed without recourse in proper form to the order of "LaSalle Bank National Association, as Trustee of Morgan Stanley Mortgage Loan Trust 2006-5AR, Mortgage Pass Through Certificates, without recourse," or in blank (in each case, with all necessary intervening endorsements, as applicable)…"

The Pooling and Servicing Agreement is the governing document for the Trust of which Wells Fargo and Morgan Stanley claim ownership of the Note through, but yet Wells Fargo and Morgan Stanley failed to abide by their own requirements as filed with the United States Securities and Exchange Commission.

At the October 9th hearing opposing counsel took the stance that to find that Wells Fargo and Morgan Stanley were not the holders and parties in interest would violate public policy. The argument propounded by opposing counsel was that if debtors are allowed to prevail when creditors cannot prove holder status as to mortgage notes, it would be a windfall reward for the debtors. However, the argument ignores the public policy concerns of debtors who would be left facing multiple holders seeking enforcement on the underlying note. The North Carolina Court of Appeals has addressed this very issue in the past and has consistently come down on the side of the debtor. In *Liles v. Myers* the court stated "Prior to being entitled to a judgment against the [debtor], the [creditor] was required to establish that she was holder of the note at the time of this suit." *Liles v. Myers*, 248 S.E.2d 385, 387 (N.C. App. 1978). The *Liles* court stated further that

5

the element of holder status was to be shown by the party seeking relief by a showing that the party was in possession of the instrument and that it was issued or endorsed to them, to their order, to bearer or in blank. *Id.* The *Liles* court stated that it was essential that this element of holder status be established in order to protect the maker from any possibility of multiple judgments against them on the same note through no fault of their own. *Id.*

The *Simpson* court stated that "Establishing that a party is the holder of the note is essential to protect the debtor from the threat of multiple judgments on the same note." *Simpson,* 711 S.E. 2d at (2011). The *Simpson* court further stated that "If such proof were not required, the [creditor] could negotiate the instrument to a third party who would become a holder in due course, bring a suit upon the note in [their] own name and obtain a judgment in [their] favor. . . . Requiring proof that the [creditor] is the holder of the note at the time of [the] suit reduces the possibility of such an inequitable occurrence." *Id.* Therefore, it would be just as violative of public policy to rule that creditors can circumvent the requirement of showing holder status. Or as in this case, that the party seeking relief is not a true party in interest because they cannot meet the burden of proof to show that they are, as the *Smoak* court stated, "the party entitled to enforce the note and its accompanying mortgage."

## **CONCLUSION**

In closing, it is clear that in order to determine who a "party in interest" is in these types of matters, this Court is to look to North Carolina case law relating to the holder of the underlying Promissory Note. North Carolina State Courts have consistently held that a party in possession of a promissory note that lacks proper indorsement is not a qualified holder under the UCC. *See Simpson,* 711 S.E.2d at 172 (2011) (holding that indorsement of the Note is a requirement to confer the status of holder under the UCC); *Adams,* 693 S.E.2d at 711 (2010)

6

(concluding that absent a proper indorsement there was not sufficient evidence to establish that the note was payable to the foreclosing party); *Econo-Travel Motor Hotel Corp.*, 301 N.C. at 203-04 (1980) (ruling that when a promissory note has never been made payable or indorsed to the party possessing the note, said party was not the owner or holder of the note); *Smathers v. Smathers*, 34 N.C. App. 724, 725 (1977) (holding that a note lacking indorsement does not qualify the possessor of the note as holder under the UCC). The factual situation in the case at bar is identical to the facts and circumstances of the case law cited herein.

As such, this Court should find that Wells Fargo Bank, NA Servicer for Bank of America, National Association, successor by merger to LaSalle Bank National Association, as Trustee of Morgan Stanley Mortgage Loan Trust 2006-5AR is not the holder of the Note, and therefore not a party in interest entitled to relief in this bankruptcy proceeding.

This 26th day of October, 2012.

                                        ELLIOTT LAW FIRM, PC

                                      By: *s/Michael K. Elliott*
                                            MICHAEL K. ELLIOTT
                                            Attorney for Debtors
                                            PO Box 1821
                                            Huntersville, NC 28078
                                            (704) 947-3838
                                            NC State Bar No. 31505

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that a copy of **MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR RELEIF FROM STAY** was served upon each party listed below and per attached matrix in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service for mailing, or delivered via the U.S. Bankruptcy Court's case filing notification, as outlined in the attached Service List:

Linda Simpson, Esq. (ECF)
Bankruptcy Administrator
402 W. Trade Street, Room 200
Charlotte, NC 28202-1627

Barrett Crawford (ECF)
Chapter 7 Trustee
P.O. Box 400
Valdese, NC 28690−0400

Kimberly A. Sheek (ECF and EMail)
10130 Perimeter Parkway
Suite 400
Charlotte, NC 28216

    This the 26th day of October, 2012.

                                            ELLIOTT LAW FIRM, PC

                                            By: *s/Michael K. Elliott*
                                                MICHAEL K. ELLIOTT
                                                Attorney for Debtors
                                                PO Box 1821
                                                Huntersville, NC 28078
                                                (704) 947-3838
                                                NC State Bar No. 31505