FILED & JUDGMENT ENTERED
Steven T. Salata

Nov 26 2012

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T. Beyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

In re:                              )
                                    )    Case No. 12-50201
**JOEL HAMPTON PATTERSON, III**     )
**KAREN YVETTE PATTERSON,**         )    Chapter 7
                                    )
            Debtors.                )
                                    )

ORDER DENYING MOTION FOR RELIEF
FROM THE AUTOMATIC STAY WITHOUT PREJUDICE

This matter came before the court for hearing on the Motion for Relief from the Automatic Stay of Section 362 or in the Alternative Adequate Protection of Wells Fargo Bank, NA ("Wells Fargo"). The court conducted a hearing on this matter on October 9, 2012, in Charlotte, North Carolina.

### Findings of Fact

1. On February 24, 2012, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. It is undisputed that the Debtors executed a promissory note in favor of Wachovia Mortgage Corporation in the original principal amount of $340,000 dated June 20, 2005 (the

"Note"). The Note is secured by a deed of trust encumbering the Debtors' principal residence at 643 Isle of Pines Rd, Mooresville, NC 28117 (the "Deed of Trust").

3. Wells Fargo attached a copy of the Note to the Motion for Relief along with an Affidavit of Lost Note or Modification Agreement executed by Shane Stutzman, Vice President of Loan Documentation of Wells Fargo Bank, N.A. (the "Affidavit"). In short, the Affidavit provides that Wells Fargo is the payee and "Lender" under the Note; Wells Fargo is the lawful owner of the Note and it has not been cancelled, altered, assigned, or hypothecated; the Note was not located after a thorough and diligent search; and attached to the Affidavit was a true and accurate copy of the fully executed Note.

4. The Note and Deed of Trust have been transferred and assigned to Bank of America, National Association, successor by merger to LaSalle Bank National Association, as Trustee of Morgan Stanley Mortgage Loan Trust 2006-5AR ("Bank of America"). The movant, Wells Fargo Bank, NA, is the servicer for Bank of America.

5. On their Schedule D, the Debtors listed Wells Fargo Home Mortgag[e] as having a first lien deed of trust on their principal residence in the amount of $321,296.68 and Wells Fargo Bank, N.A. as having a second lien deed of trust on their principal residence in the amount of $234,931.41.

6.      Wells Fargo filed the Motion for Relief on August 7, 2012, alleging that the Debtors had fallen behind on their post-petition mortgage payments.  The Motion for Relief asserted that as of the date of its filing, the Debtors were fourteen payments or $26,658.57 in default on their post-petition mortgage payments, exclusive of attorneys fees and costs.  Because of this default, Wells Fargo moved for relief from the automatic stay under 11 U.S.C. § 362(d)(1) for cause, including lack of adequate protection.

7.      The Debtors filed a response to the Motion for Relief asserting that Wells Fargo is only a "nominal" party to this proceeding and thus has no legal standing to move this court for relief from the automatic stay.

8.      On November 5, 2012, the court entered its Order granting the Debtors a discharge under 11 U.S.C. § 727.

### Conclusions of Law

9.      Pursuant to 11 U.S.C. § 362(d), "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . ."  The Bankruptcy Code does not define the term "party in interest," but, in the context of a motion for relief from stay, courts have found that "[t]he real party in interest with respect to . . . enforcement of the rights of a mortgagee in a bankruptcy is the party entitled to enforce the note and its accompanying mortgage."

3

See In re Robinson, No. 07-02146-5-JRL, 2011 WL 5854905, at *2 (Bankr. E.D.N.C. Nov. 22, 2011) (citations omitted).  In order for Wells Fargo to prove that it is the holder of the Note entitled to enforce it and the related Deed of Trust, it must provide evidence demonstrating that it is in possession of the original note or comply with the relevant lost note provisions.  See In re Tucker, 441 B.R. 638, 646 (Bankr. W.D. Mo. 2010).  Finally, as the movant, Wells Fargo has the burden of establishing that it is the "real party in interest" under Federal Rule of Civil Procedure 17(a), which is made applicable to this proceeding by Rules 7017 and 9014(c) of the Federal Rules of Bankruptcy Procedure.  See In re Neals, 459 B.R. 612, 617 (Bankr. D.S.C. 2011).

10.  Wells Fargo recognizes that it is not in possession of the Note but argues that it is entitled to enforce it under the provisions of North Carolina General Statutes §§ 25-3-301 and 25-3-309.  Pursuant to North Carolina law, a person not in possession of a negotiable instrument has the right to enforce the instrument if they meet the requirements of § 25-3-309.  See § 25-3-301.

11.  N.C. GEN. STAT. § 25-3-309, in turn, provides:

> (a) A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by

4

    the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

    (b) A person seeking enforcement of an instrument under subsection (a) of this section must prove the terms of the instrument and the person's right to enforce the instrument.

    12. The terms of the Note do not appear to be in dispute under § 25-3-309(b), but the parties do dispute Wells Fargo's right to enforce it. And simply put, the Affidavit prepared by Wells Fargo is insufficient to demonstrate its right to enforce the Note. Although the Affidavit indicates that the Note could not be located after a thorough and diligent search, it does not provide that Wells Fargo was in possession of the Note and entitled to enforce it when loss of possession occurred or that the loss of possession was not the result of a transfer by Wells Fargo or a lawful seizure. Therefore, the court concludes that because Wells Fargo has not complied with the lost note provisions of § 25-3-309, it has not demonstrated that it is entitled to enforce the Note and denies the Motion for Relief without prejudice.

    13. Wells Fargo also argues that the Debtors are precluded from challenging its standing to file a motion for relief from stay under the principle of *res judicata* because they listed

5

Wells Fargo as having an undisputed secured claim on their Schedule D. Wells Fargo cites In re Neals, 459 B.R. 612, 617 (D.S.C. October 6, 2011), in support of that proposition.

14. In Neals, the Bankruptcy Court in South Carolina observed its prior holding that "a confirmed [C]hapter 13 plan, which represents a new contractual agreement between debtors and their creditors, is *res judicata* on the issue of a creditor's rights as a party in interest with standing to seek relief from the stay." However, the Neals case is factually distinguishable from this one because it involved a Chapter 13 case rather than a Chapter 7. Here, there is no confirmed plan to serve as a new contractual agreement between the Debtors and Wells Fargo. Moreover, the Debtors listed Wells Fargo Home Mortgage as having a first lien deed of trust on their principal residence rather than Wells Fargo Bank, N.A., the movant in this case. According to its own motion, Wells Fargo filed the Motion for Relief in its capacity as servicer for Bank of America rather than as the successor to Wachovia Mortgage Corporation.

15. In conclusion, Wells Fargo has not complied with the lost note provisions of § 25-3-309 and, therefore, has not met its burden of demonstrating that it is entitled to enforce the Note. Accordingly, the court denies the Motion for Relief without prejudice. As a practical matter, the court notes that the Debtors received their discharge on November 5, 2012, and

6

this case will be closed upon the entry of this Order and the filing of the Trustee's Final Report.  Therefore, the stay will not apply and Wells Fargo will be free to pursue its state court remedies against the Debtors' property.  The court does not intend for this Order to prevent a state court from revisiting these issues in any subsequent proceedings.

16. Thus, for the reasons stated above it is hereby **ORDERED** that the Motion for Relief from Stay is **DENIED** without prejudice.

**This Order has been signed electronically.**          **United States Bankruptcy Court**
**The judge's signature and the court's seal**
**appear at the top of the Order.**

7