UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>JOEL HAMPTON PATTERSON, III and<br>KAREN YVETTE PATTERSON,<br><br>              Debtors. | )<br>)  Bankruptcy Case No. 12-50201<br>)  Chapter 7<br>)<br>)<br>) |

**TRUSTEE'S RESPONSE DEBTORS' MOTION TO AMEND EXEMPTION ELECTIONS**

Barrett L. Crawford, Trustee for the Bankruptcy Estate of Joel Hampton Patterson, III and Karen Yvette Patterson, hereby objects to the Debtor's Schedule C – Property Claimed as Exempt - Amended, requests a hearing thereon, and shows as follows:

1.      The Debtor filed a voluntary bankruptcy petition on February 24, 2012 in the United States Bankruptcy Court for the Western District of North Carolina; Bankruptcy Case No. 12-50201.

2.      Barrett L. Crawford is the duly appointed and acting Trustee in the Debtor's Bankruptcy Case.

3.      On May 13, 2013, Wells Fargo Bank filed its Satisfaction of Security Interest with the Iredell County Register of Deeds cancelling its second mortgage on the real property located at 643 Isle of Pines Road, Mooresville, North Carolina ("Real Property").

4.      The post-petition cancellation of the Deed of Trust inures to the benefit of the bankruptcy estate and may not be claimed as exempt by the Debtors.

5.      Although the Satisfaction of Security Interest was filed on May 13, 2013, the Debtors did not seek to amend their exemptions until after the Trustee informed them he intended to sell the Real Property.

6.      In addition, the Trustee is informed that the male debtor no longer resides in the Real Property and as such cannot claim a homestead exemption therein.

7.      Furthermore, based on the totality of the circumstances, such bad faith exists by the Debtors in this bankruptcy case that they should not be permitted to amend their bankruptcy schedules.

8. While Bankruptcy Rule 1009 represents a permissive approach to amendment of bankruptcy schedules, exceptional circumstances such as bad faith on the part of the debtor may prevent the debtor from amending the petition or schedules. See In Re Agee, 10-80545C-7D (Bankr. M.D.N.C. 2-2-2011) citing Tignor v. Parkinson, 729 F. 2d 977 (4th Cir. 1984).

9. Bad faith is generally determined from the totality of the circumstances. In Re Agee. As such, the Court should properly consider all of the Debtor's conduct with regard to her bankruptcy proceeding in ruling on the Debtor's motion.

10. The Debtors did not inform the Trustee of the cancellation of the deed of trust.

11. The Debtors did not disclose their one half interest in Dogwood Properties of Iredell County, LLC ("Dogwood Properties") in their bankruptcy schedules or statement of financial affairs.

12. On November 2, 2012, the male debtor executed a deed on behalf of Dogwood Properties conveying 13 lots to himself and Robert A. Collier III ("Deed").

13. No excise tax was paid for the recoding of the Deed.

14. The Trustee is not aware of any deeds of trust or judgments encumbering the lots conveyed by the Deed.

15. The Debtors did not disclose the lots or the Deed to the Trustee.

16. The Trustee only discovered the Satisfaction and the Deed through a review of the real property records in Iredell County.

17. The Debtors have made no mortgage or tax payments on their residence since prior to the filing of the bankruptcy case allowing the first mortgage debt to substantially increase on the Real Property.

18. During this time the Debtors have paid no compensation to the bankruptcy estate for their use of the Real Property since the filing of the bankruptcy case.

WHEREFORE, the Trustee prays the Court that it deny the Debtor's Motion to Amend Exemption Elections, and for such other and further relief as the Court deems just and proper.

DATED this 10th day of July, 2014.

JOHN W. TAYLOR, P.C.


/s/ John W. Taylor
John W. Taylor, N.C. Bar No. 21378
Jessica V. Shaddock, N.C. Bar No. 41578
Attorneys for Trustee
4600 Park Road, Suite 420
Charlotte, NC  28209
(704) 540-3622


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the TRUSTEE'S RESPONSE TO DEBTOR'S MOTION TO AMEND EXEMPTION ELECTIONS by either Electronic Case Filing as indicated or depositing copies of same in the exclusive care and custody of the United States Postal Service, with proper postage thereto affixed to the below listed parties this 10th day of July, 2014.

| | |
|---|---|
| Michael K. Elliott, Attorney for Debtors | Via Electronic Case Filing |


/s/ John W. Taylor
John W. Taylor, N.C. Bar No. 21378
Jessica V. Shaddock, N.C. Bar No. 41578
Attorneys for Trustee
4600 Park Road, Suite 420
Charlotte, NC  28209
(704) 540-3622