FILED & JUDGMENT ENTERED
Steven T. Salata

Sep 17 2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 12-50201 |
| | ) | Chapter 7 |
| JOEL HAMPTON PATTERSON, III and | ) | |
| KAREN YVETTE PATTERSON, | ) | |
| | ) | |
| Debtors. | ) | |

**ORDER GRANTING MOTION OF TRUSTEE FOR AUTHORITY TO SELL REAL PROPERTY**

THIS MATTER came on before the undersigned United States Bankruptcy Judge for the Western District of North Carolina on the Motion by the Trustee for authority to sell real property pursuant to 11 U.S.C. § 363. It appearing that proper notice was given and no objections were received, the Court finds and concludes as follows:

**JURISDICTION AND NOTICE**

1. Barrett L. Crawford is the duly appointed and acting Chapter 7 Trustee in the above referenced bankruptcy case of Joel Hampton Patterson and Karen Yvette Patterson.

2. The Trustee brings the Motion pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9014.

3. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O).

4. The Bankruptcy Estate is the owner of a certain parcel of real property located at 643 Isle of Pines Road, Mooresville, NC 28117 ("Real Property").

5.  The Trustee listed the Real Property for sale through his Court-approved Realtor, Jean Griswold of Provident Living, Inc.

6.  Subject to the approval of the Court, the Trustee has entered into a contract to sell the Real Property for the sum of $650,000.00 ("Contract"), a copy of which is attached to the Trustee's Motion as Exhibit "A".

7.  The sale shall be AS IS, WHERE IS, AND WITHOUT WARRANTY. The Trustee will provide to the buyer a Non-Warranty Trustee's Deed at closing. Additionally, any deed of trust holder or other lienholder will cancel its lien on the public record within ten (10) days of notification, orally or in writing, by the Trustee that the Real Property closing has occurred.

8.  The sale of the Real Property as set forth in the Trustee's Motion is in the best interest of the bankruptcy estate and its creditors.

9.  On information and belief, there is one deed of trust on the Real Property in favor of Wells Fargo with a payoff of $357,743.29 as of August 5, 2014, plus interest thereafter. No other liens are known to the Trustee other than ad valorem taxes, easements, liens and other encumbrances of record, although the Trustee has not performed a title exam.

10. The Debtors have filed a motion to claim an exemption in the Real Property in the amount of $70,000.00. The Trustee has filed an objection to the motion and the matter is pending.

11. The Trustee and the Debtors have agreed that the sale will be without prejudice to either parties' rights with regard to the contested matter and that the Trustee shall hold the sum of $70,000.00 from the net sale proceeds, pending the resolution of the contested matter.

12. The Trustee reserves all rights, claims and defenses with respect to all claims asserted against the Debtor, and all liens, security interests and other interests.

13. The Wells Fargo deed of trust, any ad valorem property taxes due and costs and incidentals of closing, including a realtor commission to Provident Living, Inc. in the amount of 6% of the gross sales price are to be paid upon closing the proposed sale directly by the closing attorney. Additionally, the Trustee requests that any expenses necessary to complete the sale (such as allowances

for repair work on the Real Property), not to exceed $5,000.00, be authorized to be expended by him without further order of the Court.

14. Based on the foregoing, the Trustee respectfully submits that the Court should approve the sale of the Real Property under Section 363(b)(1) and (m) of the Bankruptcy Code.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Trustee's Motion is GRANTED, and it is further ORDERED that the Court:

A. Approves and confirms the proposed sale of the Real Property as set forth above;

B. Authorizes the Trustee, pursuant to Bankruptcy Rule 6004(f)(2), to execute any instrument or document necessary or appropriate to consummate the sale of the Real Property as set forth above;

C. Orders, adjudges and decrees that the Trustee, the buyer, and all other parties have acted in good faith and are entitled to the protection of Section 363(m) of the Bankruptcy Code;

D. Orders, adjudges and decrees that, pursuant to Bankruptcy Rule 6004(g), the parties are not stayed for any period of time after the entry of this Order from consummating any and all transactions contemplated by this Motion, including, without limitation, the closing of the proposed sale of the Real Property;

E. Authorizes the payment of the Wells Fargo deed of trust, ad valorem property taxes and costs and incidentals of closing directly from the closing proceeds, including a realtor commission to Provident Living, Inc. in the amount of 6% of the gross sales price by paid at closing directly by the closing attorney;

F. Authorizes the expenditure up to $5,000.00 for items necessary to close the sale;

This Order has been signed electronically.    United States Bankruptcy Court
The judge's signature and court's seal
appear at the top of the Order.